Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 / Fax: (818) 347-4118

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHY RUSCH, individually and as successor in interest to Ryan Ludwick, deceased; STEPHEN RUSCH, individually and as successor in interest to Ryan Ludwick, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIVERSAL PROTECTION SERVICE LP, dba ALLIED UNIVERSAL SECURITY SERVICES; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-12355-FLA-AS<br><br>*Assigned to*:<br>District Judge Fernando L. Aenlle-Rocha<br>Magistrate Judge Alka Sagar<br><br>**JOINT RULE 26 SCHEDULING REPORT**<br><br>Scheduling Conference<br>Date:   June 5, 2026<br>Time:   1:00 p.m.<br>Crtrm:  6B |

Pursuant to *Federal Rules of Civil Procedure*, Rule 26, L.R. 26-1, and the Court's Order Setting Scheduling Conference, plaintiffs CATHY RUSCH, individually and as successor in interest to Ryan Ludwick, deceased, and STEPHEN RUSCH, individually and as successor in interest to Ryan Ludwick, deceased (collectively "Plaintiffs"), and defendant UNIVERSAL PROTECTION SERVICE LP DBA ALLIED UNIVERSAL SECURITY SERVICES ("UPS") hereby jointly submit this Joint Rule 26(f) Report following the conference of counsel on May 14, 2026.

JOINT RULE 26 SCHEDULING REPORT

**A. Statement of the Case**

    **a. Plaintiffs' Statement**

On May 7, 2024, security guards (DOES 1-8) working for Universal Protection Service LP, dba Allied Universal Security Services ("Allied Universal") contacted Ryan Ludwick ("Decedent") at a LACMTA Metro B (Red) Line station in Hollywood, California, located at or near the 1500 block of North Vermont Avenue. After the security guard(s) located Decedent, they deployed pepper spray against him and then shot him with a lethal firearm. At all relevant times, DOES 1-8 were acting in the course and scope of their employment with Allied Universal, as well as in the scope of their employment with LACMTA as contracted security guards.

On information and belief, at the time when DOES 1-8 deployed pepper spray against Decedent, Decedent posed no threat to the safety of any person.  On information and belief, at the time he was fatally shot, Decedent posed no immediate threat of death or serious bodily injury to any person.  Therefore, the deployment of pepper spray and the shooting were excessive, unreasonable, unjustified, negligent, contrary to security guard training, and inappropriate.

As a result of the shooting, Decedent died and lost his earning capacity.  Prior to his death, Decedent endured pain and suffering from the pepper spray deployment and the gunshots.

Plaintiffs bring state and federal causes of action for: (1) violations of 42 U.S.C. § 1983 and the Fourth Amendment, including unlawful Detention and Arrest, Excessive Force, and Denial of Medical Care; (2) interference with familial relations in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment; (3) False Arrest/False Imprisonment; (4) Battery; (5) Negligence; and (6) Violation of Cal. Civil Code § 52.1.

    **b. Defendant's Statement**

On May 7, 2024, the decedent was aboard a train pulling into the Vermont/Sunset Station.  A security professional observed the decedent pull the

emergency stop of the train and pry open the doors and exit.  Several people on the train stumbled and fell.  The decedent then trespassed into an unauthorized area of the station.  The decedent subsequently attempted to fight two security professionals employed by UPS.  In response, one security professional used non-lethal force.  The decedent subsequently stabbed one of the security professionals in the leg with a knife.  The decedent subsequently charged at the security professional, who he had stabbed, with a knife in hand.  That security professional used lethal force in self-defense and defense of others.  UPS denies the allegations in plaintiffs' Complaint.  It will assert qualified immunity for individual defendants and state immunities for the state claims, including comparative fault, self-defense, and defense of others.

**B. Subject Matter Jurisdiction**

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

**C. Legal Issues**

The following are among the principal issues raised by Plaintiffs' Complaint:

a) Whether the DOES 1-8 (e.g., the unnamed security guard or guards who used force against Decedent during this incident) unreasonably detained and arrested Decedent under the Fourth Amendment;

b) Whether DOES 1-8 used excessive force against Decedent;

c) Whether the  conduct of DOES 1-8 interfered with Plaintiffs' right to a familial relationship with Decedent;

d) Whether DOES 1-8's conduct toward Decedent was malicious, oppressive, or in reckless disregard of his rights;

e) Whether the DOES 1-8 unreasonably denied medical care to Decedent under the Fourth Amendment;

f) Whether DOES 1-8 were negligent with respect to their handling of the situation, pre-shooting tactics, and the use of force

g) Whether DOES 1-8 violated the Bane Act; and

h) The nature and extent of Plaintiffs' and Decedent's damages, including wrongful death damages, survival damages, and punitive damages.

**b. Defendant's Statement**

1. Whether plaintiffs have standing to bring survival and wrongful death claims.

2. Whether UPS violated the decedent's Fourth Amendment rights for unlawful detention and arrest.

3. Whether UPS violated the decedent's Fourth Amendment right against excessive use of force.

4. Whether UPS violated the decedent's Fourth Amendment right against denial of medical care.

5. Whether UPS violated plaintiffs' Fourteenth Amendment right against interference with familial relationship.

6. Whether UPS is liable to plaintiffs for false arrest/false imprisonment.

7. Whether UPS is liable to plaintiffs for battery.

8. Whether UPS is liable to plaintiffs for negligence.

9. Whether UPS is liable to plaintiffs for violation of the Bane Act (Cal. Civ. Code § 52.1).

10. Whether any individual defendant is entitled to qualified immunity.

11. Whether defendants are immune from liability for the state claims.

12. Whether UPS's conduct was a substantial factor in causing plaintiffs' harm.

13. Whether UPS's conduct was a substantial factor in causing the decedent

harm.

14. The nature and extent of plaintiffs' damages.

15. The nature and extent of the decedent's damages.

**D. Parties and Evidence**

The Plaintiffs are Decedent's parents, Stephen and Cathy Rusch.

The Defendants are Allied Universal and DOES 1-8, who are/is the security guard(s) who used force against Decedent during this incident or who were otherwise involved in this incident.  Plaintiffs intend to file an amended complaint naming the involved security guard(s).

Defendants Los Angeles County Metropolitan Transportation Authority and Inter-Con Security Systems have been dismissed without prejudice pending discovery.

**Defendant's Statement:**

Plaintiffs are CATHY RUSCH, individually and as successor in interest to Ryan Ludwick, deceased, and STEPHEN RUSCH, individually and as successor in interest to Ryan Ludwick, deceased.  Defendant is UNIVERSAL PROTECTION SERVICE LP DBA ALLIED UNIVERSAL SECURITY SERVICES.  Witnesses include Alejandro Vasquez and Jonathan Mendoza.  UPS is still gathering key documents.  UPS is obtaining a list of subsidiaries, parents, and affiliates for conflict purposes.

**E. Damages**

Plaintiffs seek survival damages for the Decedent's pre-death pain and suffering and loss of life. Plaintiffs have filed successor-in-interest declarations asserting their right to bring the survival claims. Plaintiffs also seek wrongful death damages for their loss of the Decedent's love, affection, companionship, guidance, training, etc., as well as for any funeral and burial expenses and emergency services relating to Decedent's injuries from this incident. Plaintiffs further seek damages under the Fourteenth Amendment for the interference with their relationship with

Decedent. Plaintiffs additionally seek punitive damages. Plaintiffs estimate these damages in excess of $10,000,000.

**Defendant's Statement:**

UPS denies that the decedent or plaintiffs suffered any damages as a result of any defendants' conduct.

**F. Insurance**

There is no applicable insurance coverage which exists on behalf of the Plaintiffs.

**Defendant's Statement:**

UPS has insurance coverage.  Coverage is $101 million including excess policies.  There is no reservation of rights with respect to UPS.

**G. Motions**

Plaintiffs anticipate bringing a motion or seeking a stipulation to amend the complaint to name the security guard(s) who used force against Decedent during this incident or who were otherwise involved in the incident. Plaintiffs have requested that Defendant Allied Universal provide this information.

**Defendant's Statement:**

At this time, UPS does not foresee moving to add other parties or claims, amend pleadings, transfer venue, or challenge the court's jurisdiction.

**H. Dispositive Motions**

Plaintiffs do not anticipate bringing any dispositive motions.

**Defendant's Statement:**

UPS will move for summary judgment or partial summary judgment on the following claims: Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983); Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983); Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983); Due Process—Interference with Familial Relationship (42 U.S.C. § 1983); False Arrest/False Imprisonment; Battery (wrongful death and survival claim); Negligence

(wrongful death and survival claim); Violation of California Civil Code § 52.1. UPS proposes the following motion cutoff date: June 25, 2027.

### I. Manual for Complex Litigation

The Parties agree that this does not apply to this case.

### J. Status of Discovery

Plaintiffs are propounding written discovery on Defendant Allied Universal, with an early goal of obtaining the name(s) of the involved security guard(s) in order to amend the complaint as soon as possible.

**Defendant's Statement:**

UPS will serve initial disclosures.  No other discovery has been conducted. UPS will begin conducting discovery immediately.

### K. Discovery Plan

Plaintiffs anticipate deposing the involved security guard(s), whose identities should become known through Defendants' initial disclosures and/or Plaintiffs' written discovery. Plaintiffs may also depose EMTs, paramedics, and/or fire department personnel who arrived to provide medical attention to Decedent, as well as hospital personnel/treating physicians. Subjects on which discovery will be needed include but are not limited to: facts of the incident; the security guard(s) training; Allied Universal's policies; medical treatment provided to the decedent at the scene of the incident; observations of the involved security guard(s) and other witnesses; contractual relationship between Allied Universal and Los Angeles County Metropolitan Transportation Authority.

**Defendant's Statement:**

UPS does not believe there should be any changes made in the timing, form or requirement for disclosures under Rule 26(a).  UPS will propound written discovery requesting information supporting plaintiffs' claims that UPS's employees unlawfully detained the decedent and used excessive force against him during the subject incident.  UPS will propound written discovery requesting information

supporting plaintiffs' claimed injuries and damages.  UPS will subpoena all the medical providers who treated plaintiffs for any injuries they allege they have suffered as a result of the subject incident.  UPS will then depose plaintiffs' medical providers.  UPS will seek leave of Court to permit UPS's expert witness to perform an IME on plaintiffs depending on plaintiffs' claimed physical and/or mental injuries.  UPS will depose plaintiffs and any third-party witnesses present during the subject incident.

UPS does not believe discovery should be conducted in phases or be limited to or focused on particular issues.  Currently, there are no issues about disclosure, discovery, or preservation of electronically stored information.  UPS will work with plaintiffs to agree on a stipulated protective order.  Currently, UPS does not believe any changes should be made in the limitations on discovery imposed under the *Federal Rules of Civil Procedure* or by local rule, or that any other limitations should be imposed.  Currently, UPS does not believe the Court should issue any other orders under Rule 26(c) or under Rule 16(b) or (c).

**L. Discovery Cutoff**

Plaintiffs agree with Defendant Allied Universal's proposed discovery cut-off of April 23, 2027.

**Defendant's Statement:**

UPS proposes a non-expert discovery cut-off of <u>April 23, 2027</u>.

**M. Expert Discovery**

Plaintiffs agree with Defendant Allied Universal's proposed expert discovery deadlines, with the exception that Plaintiffs propose <u>April 30, 2027</u> as the last date to designate initial experts.

**Defendant's Statement:**

UPS proposes the last date to designate initial experts as <u>April 23, 2027</u>.  UPS proposes the last date to designate rebuttal experts as <u>May 14, 2027</u>.  UPS proposes an expert discovery cut-off of <u>May 28, 2027</u>.

---

**N. Settlement Conference/ADR**

Plaintiffs are amenable to private mediation with mediator Richard Copeland.

**Defendant's Statement:**

There have been no settlement discussions to date.  UPS agrees to ADR Procedure 2.

**O. Trial Estimate**

Plaintiffs estimate the trial to be approximately five court days.

**Defendant's Statement:**

UPS estimates trial will take 10 to 15 days.  Currently, UPS estimates 10 witnesses.  This includes two plaintiffs, UPS, the security professionals involved in the subject incident, three liability experts, and two damages experts.

**P.  Trial Counsel**

Dale K. Galipo will be trial counsel for the Plaintiffs.

**Defendant's Statement:**

Mark A. Johnson and Farid A. Sharaby will try the case on behalf of UPS.

**Q. Independent Expert or Master**

Counsel agree that neither a discovery master, nor independent scientific expert are needed for this lawsuit.

**R. Schedule Worksheet**

The Parties are filing the Schedule Worksheet concurrently herewith.

/ / /

/ / /

/ / /

/ / /

**S. Other Issues**

Plaintiffs do not have any other issues to discuss at this time.

**Defendant's Statement:**

UPS does not have any other issues at this time.

Dated: May 22, 2026                      WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:   */s/   Farid A. Sharby*

Mark A. Johnson
Farid A. Sharaby
Attorneys for Defendant
UNIVERSAL PROTECTION SERVICE LP
DBA ALLIED UNIVERSAL SECURITY
SERVICES

DATED:  May 22, 2026                      LAW OFFICES OF DALE K. GALIPO

By:        */s/ Dale K. Galipo*

Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiffs

### L.R. 5-4.3.4(a)(2)(i) Attestation

As the filer of this document, I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Dale K. Galipo*
Dale K. Galipo