# EXHIBIT A

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq.
rvalentine@galipolaw.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 / Fax: (818) 347-4118

BENDINELLI LAW FIRM, PC
Marco F. Bendinelli, Esq. (CO SBN 28425)
mfb@colawfirm.com
9035 Wadsworth Pkwy. Suite 4000
Westminster, CO 80021
            Tel: (303) 940-9900

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

FIRST AMENDED COMPLAINT FOR DAMAGES



CATHY RUSCH, individually and as successor in interest to Ryan Ludwick, deceased; STEPHEN RUSCH, individually and as successor in interest to Ryan Ludwick, deceased,

Plaintiffs,

vs.

~~LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY;~~ UNIVERSAL PROTECTION SERVICE LP, dba ALLIED UNIVERSAL SECURITY SERVICES; ~~ALEJANDRO VASQUEZ; JONATHAN MENDOZA; INTER-CON SECURITY SYSTEMS, INC.;~~ and DOES 3~~1~~-10, inclusive,

Defendants.

Case No. 2:25-cv-12355-FLA-AS

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1. Fourth Amendment—Detention and Arrest (42 U.S.C. §1983)
2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)
3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)
4. Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)
5. ~~Municipal Liability—Inadequate Training (42 U.S.C. § 1983)~~
6. ~~Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)~~
~~7.~~5. ~~F~~alse Arrest/False Imprisonment
~~8.~~6. Battery (wrongful death and survival)
~~9.~~7. Negligence (wrongful death and survival)
~~10.~~8. Violation of Cal. Civil Code § 52.1

**DEMAND FOR JURY TRIAL**

-1-
FIRST AMENDED COMPLAINT FOR DAMAGES

**FIRST AMENDED COMPLAINT FOR DAMAGES**

COME NOW Plaintiffs CATHY RUSCH and STEPHEN RUSCH, individually and as successors in interest to Ryan Ludwick, deceased, for their Complaint against Defendants ~~LOS ANGELES COUNTY METROPOLITAIN TRANSPORTATION AUTHORITY;~~ UNIVERSAL PROTECTION SERVICE LP, dba ALLIED UNIVERSAL SECURITY SERVICES; ALEJANDRO VASQUEZ; JONATHAN MENDOZA; ~~INTER-CON SECURITY SYSTEMS, INC.,~~ and DOES 3 ~~1~~-10, inclusive, and allege~~s~~ as follows:

**JURISDICTION AND VENUE**

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  The Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same cause or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**INTRODUCTION**

3.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and California law in connection with the fatal shooting of Plaintiffs' son, Ryan Ludwick ("DECEDENT"), on May 7, 2024.

## PARTIES

4.     At all relevant times, DECEDENT was an individual residing in Los Angeles County, California.

5.     Plaintiff CATHY RUSCH is an individual residing in Canyon County, California, and is the natural mother of DECEDENT.  CATHY RUSCH sues in her individual capacity as the mother of DECEDENT and also as a successor in interest to DECEDENT.  CATHY RUSCH seeks both survival and wrongful death damages under federal and state law.

6.     Plaintiff STEPHEN RUSCH is an individual residing in Canyon County, California, and is the stepfather of DECEDENT. STEPHEN RUSCH sues in his individual capacity as the father of DECEDENT and also as a successor in interest to DECEDENT. STEPHEN RUSCH seeks both survival and wrongful death damages under federal and state law.

7.     ~~Defendant~~ At all relevant times, Defendant LOS ANGELES COUNTY METROPOLITAIN TRANSPORTATION AUTHORITY ("LACMTA") is and was a governmental agency of the County of Los Angeles established pursuant to California Public Utilities Code §§ 130050.2, 130051.13 and 130051.14.  LACMTA is a person within the meaning of 42 U.S.C. § 2000e(a), and an employer within the meaning of 42 U.S.C. § 2000e(b).  LACMTA is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including Defendants ALLIED UNIVERSAL SECURITY SERVICES, INTER-CON SECURITY SYSTEMS, INC., DOES 1-10 and their agents and employees.  At all relevant times, Defendant LACMTA was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the DEFENDANTS and their employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, LACMTA was the employer of DOES 1-8.

-3-
FIRST AMENDED COMPLAINT FOR DAMAGES

8.7.    UNIVERSAL PROTECTION SERVICE LP, dba ALLIED UNIVERSAL SECURITY SERVICES ("ALLIED UNIVERSAL") is a private security company based in Conshohocken, Pennsylvania and Irvine, California and at all relevant times provided private security services for LOS ANGELES COUNTY METROPOLITAIN TRANSPORTATION AUTHORITY ("LACMTA")Defendant LACMTA. ALLIED UNIVERSAL is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies. At all relevant times, Defendant ALLIED UNIVERSAL was responsible for assuring that the actions, omissions, policies, procedures, practies, and customs of their employees and agents complied with the laws of the United States and the State of California. On information and belief, at all relevant times, ALLIED UNIVERSAL was the employer of ALEJANDRO VASQUEZ, JONATHAN MENDOZA, and DOES 3-10DOES 1-8.

9.    At all relevant times, Defendant INTER-CON SECURITY SYSTEMS, INC. ("INTER-CON") is a private security company and is and was incorporated and headquartered in Pasadena, California and at all relevant times provided private security services for Defendant LACMTA. INTER-CON is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies. Defendant INTER-CON was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of their employees and agents complied with the laws of the United States and the State of California. On information and belief, at all relevant times, INTER-CON was the employer of DOES 1-8.

10.8.    ALEJANDRO VASQUEZ, JONATHAN MENDOZA, and DOES 3-8DOES 1-8 are the individuals who, on May 7, 2024, at approximately 9:10 a.m., at a Metro B (Red) Line station in Hollywood, California, deployed pepper spray and fired lethal shots at DECEDENT, and/or integrally participated in or failed to

-4-
FIRST AMENDED COMPLAINT FOR DAMAGES

intervene in the uses of force against DECEDENT. At all relevant times, Defendants ALEJANDRO VASQUEZ, JONATHAN MENDOZA, and DOES 3-8, through their employer, ALLIED UNIVERSAL,DOES 1-8 were contracted to work for LACMTA.

11.9.  Defendants ALEJANDRO VASQUEZ, JONATHAN MENDOZA, and DOES 3-8DOES 1-8 are, and were at the time of this incident, security guards working for Defendants ALLIED UNIVERSAL, and/or INTER-CON, as well as being contracted to provide security services toworking for LACMTA. At all relevant times, ALEJANDRO VASQUEZ, JONATHAN MENDOZA, and DOES 3-8DOES 1-8 were acting under color of law and within the course and scope of their duties as private security guards for the Defendants ALLIED UNIVERSAL and/or INTER-CON, as well as for LACMTA.  At all relevant times, ALEJANDRO VASQUEZ, JONATHAN MENDOZA, and DOES 3-8DOES 1-10 were acting with the complete authority and ratification of their principals, Defendants ALLIED UNIVERSAL and/or INTER-CON, as well as LACMTA.

12.    Defendants DOES 9-10 are, and were at the time of this incident, managerial, supervisorial, and policymaking employees of Defendant LACMTA, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for LACMTA.  At all relevant times, DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant LACMTA.

13.10.On information and belief, DOES 1-10 were residents of the County of Los Angeles.

14.11.In doing the acts and failing and omitting to act as hereinafter described, Defendants ALEJANDRO VASQUEZ, JONATHAN MENDOZA, and DOES 39-10 were acting on the implied and actual permission and consent of the ALLIED UNIVERSAL LACMTA.

-5-
FIRST AMENDED COMPLAINT FOR DAMAGES

15.12. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 31-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously named Defendants are responsible in some manner for the conduct or liabilities alleged herein.

16.13. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

17.14. All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

18.15. ALEJANDRO VASQUEZ ("VASQUEZ"), JONATHAN MENDOZA ("MENDOZA"), and DOES 31-10 are sued in their individual capacitiesy.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

19.16. Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

20.17. On May 7, 2024, VASQUEZ, MENDOZA, and DOES 31-8 contacted DECEDENT at a LACMTA Metro B (Red) Line station in Hollywood, California, located at or near the 1500 block of North Vermont Avenue. After VASQUEZ,

-6-
FIRST AMENDED COMPLAINT FOR DAMAGES

MENDOZA, and DOES 3-8 ~~DOES 1-8~~ located DECEDENT, they deployed pepper spray against him and then shot DECEDENT with a lethal firearm.

~~21.~~18. At all relevant times, VASQUEZ, MENDOZA, and DOES 3-8~~DOES 1-8~~ were security guards working for ALLIED UNIVERSAL ~~and/or INTER-CON~~ and contracted to work for LACMTA.  At all relevant times, VASQUEZ, MENDOZA, and DOES 3-8~~DOES 1-8~~ were acting in the course and scope of their employment with ALLIED UNIVERSAL ~~and/or INTER-CON~~, as well as in the scope of their employment with LACMTA as contracted security guards.

~~22.~~19. On information and belief, at the time when VASQUEZ, MENDOZA, and DOES 3-8~~DOES 1-8~~ deployed pepper spray against DECEDENT, DECEDENT posed no threat to the safety of any person.  On information and belief, at the time he was fatally shot, DECEDENT posed no immediate threat of death or serious bodily injury to any person.  Therefore, the deployment of pepper spray and the shooting were excessive, unreasonable, unjustified, negligent, contrary to security guard training, and inappropriate.

~~23.~~20. Prior to the shooting, VASQUEZ, MENDOZA, and DOES 3-8~~DOES 1-8~~ engaged in pre-shooting negligent tactics, including failing to give appropriate commands and warnings and time to comply with commands and warnings, and failing to assess the need to use any force against DECEDENT.

~~24.~~21. As a result of the shooting, DEECEDENT died and lost his earning capacity.  Prior to his death, DECEDENT endured pain and suffering from the pepper spray deployment and the gunshots.

~~25.~~22. Plaintiffs are DECEDENT's successors in interest as defined in Section 377.11 of the California Code of Civil Procedure and each succeed to DECEDENT's interest in this action as the parents of DECEDENT.

**FIRST CLAIM FOR RELIEF**

-7-

**Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)**

(Against Defendants ~~LACMTA,~~ ALLIED UNIVERSAL, VASQUEZ, MENDOZA, and DOES 3-8~~INTER-CON, and DOES 1-8~~)

~~26.~~23. Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

~~27.~~24. Defendants VASQUEZ, MENDOZA, and DOES 3-8~~DOES 1-8~~ detained DECEDENT without reasonable suspicion and arrested him without probable cause.

~~28.~~25. When Defendants VASQUEZ, MENDOZA, and DOES 3-8~~DOES 1-8~~ deployed pepper spray against DECEDENT, pointed their firearm at DECEDENT, and struck DECEDENT with lethal shots, they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.  Further, the scope and manner of the detention and arrest was unreasonable.

~~29.~~26. At all relevant times, VASQUEZ, MENDOZA, and DOES 3-8~~DOES 1-8~~ were security guards working for ALLIED UNIVERSAL ~~and/or INTER-CON~~ and contracted to work for LACMTA.  At all relevant times, VASQUEZ, MENDOZA, and DOES 3-8~~DOES 1-8~~ were acting in the course and scope of their employment with ALLIED UNIVERSAL ~~and/or INTER-CON~~, as well as in the scope of their employment with LACMTA as contracted security guards. At all relevant times, VASQUEZ, MENDOZA, and DOES 3-8~~DOES 1-8~~ were acting under color of law.

~~30.~~27. The conduct of Defendants VASQUEZ, MENDOZA, and DOES 3-8~~DOES 1-8~~ was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of

-8-
FIRST AMENDED COMPLAINT FOR DAMAGES



exemplary and punitive damages as to Defendants VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8.

31.28. As a result of their misconduct, Defendants VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

32.29. As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death after the shooting, loss of enjoyment of life, loss of life, and loss of earning capacity.  Plaintiffs bring this claim against LACMTA, ALLIED UNIVERSAL, VASQUEZ, MENDOZA, and DOES 3-8INTER-CON, and DOES 1-8 as successors in interest to DECEDENT, and seek survival damages, including pre-death pain and suffering, loss of life, and loss of enjoyment of life for the violation of DECEDENT's rights. Plaintiffs also seek attorney's fees and costs under this claim.

//

//

//

**SECOND CLAIM FOR RELIEF**

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against Defendants LACMTA, ALLIED UNIVERSAL, VASQUEZ, MENDOZA, and DOES 3-8INTER-CON, and DOES 1-8)

33.30. Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

-9-

FIRST AMENDED COMPLAINT FOR DAMAGES

Formatted: Indent: Left: 0"

Formatted: Font: Not Bold, No underline

34.31.On May 7, 2024, VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 contacted DECEDENT at a LACMTA Metro B (Red) Line station in Hollywood, California, located at or near the 1500 block of North Vermont Avenue. VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 pepper sprayed and then shot DECEDENT with a lethal firearm. On information and belief, at the time when DOES 1-8 deployed pepper spray against DECEDENT, DECEDENT posed no threat to the safety of any person.  On information and belief, at the time he was fatally shot, DECEDENT posed no immediate threat of death or serious bodily injury. Therefore, the shooting and the pepper spray deployment were excessive, unreasonable, unjustified, inappropriate.

35.32.As a result of the shooting, DEECEDENT died and lost his earning capacity.  Prior to his death, DECEDENT endured pre-death pain and suffering from the pepper spray deployment and the gunshots.

36.33.The unjustified and shooting and unjustified use of pepper spray against DECEDENT by VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

37.34.As a result of their misconduct, Defendants VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 are liable for DECEDENT's injuries, either because they were integral participants in the uses of excessive force, or because they failed to intervene to prevent these violations.

38.35.The conduct of Defendants VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendants VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8.

39.36. As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death after the shooting, loss of enjoyment of life, loss of life, and loss of earning capacity. Plaintiffs bring this claim against LACMTA, ALLIED UNIVERSAL, VASQUEZ, MENDOZA, and DOES 3-8INTER-CON, and DOES 1-8 as successors in interest to DECEDENT, and seek survival damages, including pre-death pain and suffering, for the violation of DECEDENT's rights. Plaintiffs also seek attorney's fees and costs under this claim.

### THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants LACMTA, ALLIED UNIVERSAL, VASQUEZ, MENDOZA, and DOES 3-8INTER-CON, and DOES 1-8)

40.37. Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

41.38. After being pepper sprayed and shot by lethal rounds, DECEDENT was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment. Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT. The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering and was a contributing cause of DECEDENT's death.

42.39. The denial of medical care by VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

Formatted: Font: Not Bold, No underline

43.40.Defendants VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

44.41. The conduct of VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8.

45.42.As a result of their misconduct, Defendants VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 are liable for DECEDENT's injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations.

46.43.As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.  Plaintiffs bring this claim against LACMTA, ALLIED UNIVERSAL, VASQUEZ, MENDOZA, and DOES 3-8INTER-CON, and DOES 1-8 as successors in interest to DECEDENT, and seek survival damages for the violation of DECEDENT's rights.  Plaintiffs further seek attorney's fees and costs under this claim.

**FOURTH CLAIM FOR RELIEF**

**Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)**

(Against Defendants LACMTA, ALLIED UNIVERSAL, VASQUEZ, MENDOZA, and DOES 3-8INTER-CON, and DOES 1-8)

47.44.Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

48.45.Plaintiffs had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiffs' familial relationship with their son, DECEDENT.  Plaintiffs maintained a close relationship with their son and engaged in the day-to-day responsibilities of child rearing as to DECEDENT.

49.46.The aforementioned actions of VASQUEZ, MENDOZA, and DOES 3-8,DOES 1-8, including deploying pepper spray and shooting DECEDENT with a lethal firearm, and denying him medical care, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

50.47.VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT, their son.

51.48.As a direct and proximate cause of the acts of VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8, Plaintiffs suffered emotional distress, mental anguish, and pain.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

-13-
FIRST AMENDED COMPLAINT FOR DAMAGES

52.49.The conduct of VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages as to Defendants VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8.

50.    Plaintiffs bring this claim in their individual capacities against LACMTA, ALLIED UNIVERSAL, VASQUEZ, MENDOZA, and DOES 3-8INTER-CON, and DOES 1-8 individually and seek wrongful death damages under this claim for the interference with their familial relationship with DECEDENT. Plaintiffs seek attorney's fees and costs under this claim.

53.

**FIFTH CLAIM FOR RELIEF**

Municipal Liability - Failure to Train (42 U.S.C. § 1983)

**(Against Defendants LACMTA and DOES 9-10)**

54.    **Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.**

55.    **Defendants DOES 1-8 acted under color of law.**

56.    **The acts of Defendants DOES 1-8 deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.**

57.    **The training policies of Defendant LACMTA were not adequate to train its security guards to handle the usual and recurring situations with which they must deal.**

58.    **Defendant LACMTA was deliberately indifferent to the obvious consequences of its failure to train its security guards adequately.**

-14-
FIRST AMENDED COMPLAINT FOR DAMAGES

59. The failure of Defendant LACMTA to provide adequate training caused the deprivation of DECEDENT's rights by Defendants DOES 1-8; that is, the supervisory and municipal defendants' failures to train is so closely related to the deprivation of DECEDENT's rights as to be the moving force that caused the ultimate injury.

60. By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

61. Accordingly, Defendants LACMTA and DOES 9-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

62. Plaintiffs bring this claim as successors in interest to DECEDENT and seek both survival and wrongful death damages under this claim. Plaintiffs also seek attorney's fees and costs under this claim.

**SIXTH CLAIM FOR RELIEF**

Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)

**(Against Defendants LACMTA and DOES 9-10)**

63. Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

64. Defendants DOES 1-8 acted under color of law.

65. Defendants DOES 1-8 acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant LACMTA.

66. On information and belief, Defendants DOES 1-8 were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in

-15-
FIRST AMENDED COMPLAINT FOR DAMAGES

connection with the unlawful detention and arrest of DECEDENT, the uses of force against DECEDENT, the denial of medical care to DECEDENT, or DECEDENT's death.

67.   Defendants DOES 9-10, together with other LACMTA policymakers and supervisors maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)   Using excessive force, including excessive use of deadly force and excessive use of less-lethal force;

(b)   Providing inadequate training regarding the use of deadly force;

(c)   Employing and retaining as security guards individuals such as Defendants DOES 1-8, whom Defendant LACMTA at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d)   Inadequately supervising, training, controlling, assigning, and disciplining LACMTA security guards, including DOES 1-8, whom Defendant LACMTA knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e)   Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by LACMTA security guards;

(f)   Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of security guard shootings and other uses of force.

-16-
FIRST AMENDED COMPLAINT FOR DAMAGES

68.   By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

69.   Defendants LACMTA and DOES 9-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

70.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, LACMTA and DOES 9-10, acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants LACMTA and DOES 9-10, were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

71.   Accordingly, Defendants LACMTA and DOES 9-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

72.   Plaintiffs bring this claim individually and as successors in interest to DECEDENT and seek both survival and wrongful death damages under this claim. Plaintiffs seek attorney's fees and costs under this claim.

-17-
FIRST AMENDED COMPLAINT FOR DAMAGES

#

**SEVENFIFTH CLAIM FOR RELIEF**

**False Arrest/False Imprisonment**

(Against Defendants LACMTA, ALLIED UNIVERSAL, VASQUEZ, MENDOZA, and DOES 3-8INTER-CON, and DOES 1-8)

73.51.Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

74.52.Defendants VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress.  Defendants VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 detained DECEDENT without reasonable suspicion and arrested him without probable cause. Further, the scope and manner of the detention and arrest was unreasonable. DECEDENT did not knowingly or voluntarily consent to the detention and arrest.

75.53.Defendants VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 detained DECEDENT for an appreciable amount of time, including while they deployed pepper spray against him, pointed their weapons at him, and fired lethal shots at him.

76.54.At all relevant times, VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 were security guards working for ALLIED UNIVERSAL and/or INTER-CON and contracted to work for LACMTA.  At the time of their uses of force against DECEDENT, VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 were acting in the

-18-

**Formatted:** Font: Bold, Underline

course and scope of their employment with ALLIED UNIVERSAL and/or INTER-CON, as well as in the course and scope of their employment with LACMTA as contracted security guards.

77.55. As a direct and proximate result of the conduct of VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8, as alleged above, DECEDENT sustained injuries, died from his injuries and also lost his earning capacity.  As a direct and proximate result of the conduct of VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 as alleged above, DECEDENT suffered survival damages pursuant to Code of Civil Procedure Section 377.34.

78.56. Defendants ALLIED UNIVERSAL and/or INTER-CON, as well as LACMTA, are is vicariously liable for the wrongful acts of VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 pursuant to the doctrine of *respondeat superior*, which provides that an employer is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

79.57. The conduct of VASQUEZ, MENDOZA, and DOES 3-8 DOES 1-8 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successors in interest to DECEDENT, to an award of exemplary and punitive damages as to Defendants VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8.

80.58. Plaintiffs bring this claim individually and as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure. Plaintiffs seek both survival and wrongful death damages for the violation of DECEDENT's rights, including damages for DECEDENT's pre-death pain and suffering, under this claim. *See* California Assembly Bill 447. Plaintiffs also seek attorney's fees.

-19-
FIRST AMENDED COMPLAINT FOR DAMAGES

**~~EIGHTH~~ SIXTH CLAIM FOR RELIEF**

**Battery (wrongful death and survival claim)**

(Against Defendants ~~LACMTA,~~ ALLIED UNIVERSAL, VASQUEZ, MENDOZA, and DOES 3-8~~INTER-CON, and DOES 1-8~~)

~~81.~~59. Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

~~82.~~60. On May 7, 2024, VASQUEZ, MENDOZA, and DOES 3-8~~DOES 1-8~~ contacted DECEDENT at a LACMTA Metro B (Red) Line station in Hollywood, California, located at or near the 1500 block of North Vermont Avenue. After VASQUEZ, MENDOZA, and DOES 3-8~~DOES 1-8~~ contacted DECEDENT, they deployed pepper spray against him and then shot DECEDENT with a lethal firearm.

~~83.~~61. At all relevant times, VASQUEZ, MENDOZA, and DOES 3-8~~DOES 1-8~~ were security guards working for ALLIED UNIVERSAL ~~and/or INTER-CON~~ and contracted to work for LACMTA.  At all relevant times, VASQUEZ, MENDOZA, and DOES 3-8~~DOES 1-8~~ were acting in the course and scope of their employment with ALLIED UNIVERSAL ~~and/or INTER-CON, as well as in the course and scope of their employment with LACMTA as contracted security guards~~.

~~84.~~62. On information and belief, at the time that VASQUEZ, MENDOZA, and DOES 3-8~~DOES 1-8~~ used pepper spray against DECEDENT, DECEDENT posed no threat to the safety of any person. Therefore, the use of less-lethal force against DECEDENT was unjustified, unreasonable, and unnecessary.  On information and belief, at the time he was fatally shot, DECEDENT posed no immediate threat of death or serious bodily injury.  Therefore, the shooting was unreasonable, unjustified, contrary to security guard training, and inappropriate.

~~85.~~63. As a direct and proximate result of the conduct of VASQUEZ, MENDOZA, and DOES 3-8~~DOES 1-8~~, as alleged above, DECEDENT sustained injuries, died from his injuries and also lost his earning capacity.  As a direct and

-20-

> **Formatted:** Font: Not Bold, No underline

proximate result of the conduct of VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 as alleged above, DECEDENT suffered survival damages pursuant to Code of Civil Procedure Section 377.34.

86.64.Defendants LACMTA, ALLIED UNIVERSAL and INTER-CON areis vicariously liable for the wrongful acts of VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 pursuant to the doctrine of *respondeat superior*, which provides that an employer is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

87.65.The conduct of VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successors in interest to DECEDENT, to an award of exemplary and punitive damages as to Defendants VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8.

88.66.Plaintiffs bring this claim individually and as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure. Plaintiffs seek both survival and wrongful death damages for the violation of DECEDENT's rights, including damages for DECEDENT's pre-death pain and suffering, under this claim. *See* California Assembly Bill 447. Plaintiffs also seek attorney's fees.

### SEVENNINTH CLAIM FOR RELIEF

**Negligence (wrongful death and survival claim)**

(Against Defendants LACMTA, ALLIED UNIVERSAL, VASQUEZ, MENDOZA, and DOES 3-8INTER-CON, and DOES 1-8)

89.67.Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

-21-
FIRST AMENDED COMPLAINT FOR DAMAGES

**Formatted:** Font: Not Bold, No underline

90.68.On May 7, 2024, VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 contacted DECEDENT at a LACMTA Metro B (Red) Line station in Hollywood, California, located at or near the 1500 block of North Vermont Avenue. After DOES 1-8 located DECEDENT, they deployed pepper spray against him and then shot DECEDENT with a lethal firearm. At all relevant times, VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 were security guards working for ALLIED UNIVERSAL and/or INTER-CON and contracted to work for LACMTA.  At the time of their uses of force against DECEDENT, VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 were acting in the course and scope of their employment with ALLIED UNIVERSAL and/or INTER-CON, as well as in the course and scope of their employment with LACMTA as contracted security guards.

91.69.On information and belief, at the time that VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 used pepper spray against DECEDENT, DECEDENT posed no threat to the safety of any person. Therefore, the use of less-lethal force against DECEDENT was negligent and unjustified. On information and belief, at the time he was fatally shot, DECEDENT posed no immediate threat of death or serious bodily injury.  Therefore, the use of deadly force was negligent, contrary to training, and inappropriate.

92.70.Security guards, including VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

93.71.Defendants VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 breached this duty of care.  The actions and inactions of Defendants VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 were negligent and reckless, including but not limited to:

-22-
FIRST AMENDED COMPLAINT FOR DAMAGES

(a)     the failure to properly and adequately assess the need to use force against DECEDENT, and negligent deployment of the pepper spray and negligent use of deadly force;

(b)     the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(c)     the negligent use of force, including deadly force, against DECEDENT;

(d)     the failure to provide prompt medical care to DECEDENT after the shooting;

(e)     the failure to properly train and supervise employees, both professional and non-professional, including VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8; and

(f)     the negligent communication of information during the incident.

94.72. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have suffered emotional distress and mental anguish.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

95.73. At all relevant times, VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 were security guards working for ALLIED UNIVERSAL and/or INTER-CON and contracted to work for LACMTA.  At all relevant times, VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 were acting in the course and scope of their employment with ALLIED UNIVERSAL and/or INTER-CON, as well as in the scope of their employment with LACMTA as contracted security guards.

-23-
FIRST AMENDED COMPLAINT FOR DAMAGES

96.74. Defendants ALLIED UNIVERSAL and/or INTER-CON, as well as LACMTA, areis liable for the wrongful acts of VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 pursuant to Section 2338 of the California Civil Code, which provides that a principal is liable for the injuries caused by its employees' negligence, including his or her willful omissions, within the scope of the employment if the employee's act would subject him or her to liability. LACMTA, ALLIED UNIVERSAL and INTER-CON areis also liable for the wrongful acts of VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 pursuant to the doctrine of *respondeat superior*, which provides that an employer is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

97.75. Plaintiffs bring this claim individually and as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure. Plaintiffs seek both survival and wrongful death damages for the violation of DECEDENT's rights, including damages for DECEDENT's pre-death pain and suffering, under this claim. *See* California Assembly Bill 447. Plaintiffs also seek attorney's fees.

//

//

## EIGHTENTH CLAIM FOR RELIEF

**(Violation of Cal. Civil Code § 52.1)**

(Against Defendants LACMTA, ALLIED UNIVERSAL, VASQUEZ, MENDOZA, and DOES 3-8INTER-CON, and DOES 1-8)

-24-
FIRST AMENDED COMPLAINT FOR DAMAGES

98.76. Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

99.77. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against any person for exercising that person's constitutional rights, which can be shown by a reckless disregard for that person's civil rights. Defendants VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 intentionally committed and attempted to commit acts of violence against DECEDENT, as demonstrated by VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 acting with reckless disregard for DECEDENT's constitutional rights when they used pepper spray against him and fatally shot him.

100.78. On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 were intended to discourage him from exercising his constitutional rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

101.79. The conduct of Defendants VASQUEZ, MENDOZA, and DOES 3-8 DOES 1-8 was a substantial factor in causing DECEDENT's and Plaintiffs' harms, losses, injuries, and damages.

102.80. At all relevant times, DOES 1-8 were security guards working for ALLIED UNIVERSAL and/or INTER-CON and contracted to work for LACMTA. At all relevant times, VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 were acting in the course and scope of their employment with ALLIED UNIVERSAL and/or INTER-CON, as well as in the scope of their employment with LACMTA as contracted security guards.

-25-
FIRST AMENDED COMPLAINT FOR DAMAGES

103.81.     Defendants ALLIED UNIVERSAL and/or INTER-CON, as well as LACMTA, areis vicariously liable for the wrongful acts of VASQUEZ, MENDOZA, and DOES 3-8DOES 1-8 pursuant the doctrine of *respondeat superior*, which provides that an employer is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

104.82.     The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to Defendants DOES 1-8.

105.83.     Plaintiffs bring this claim as successors in interest to DECEDENT, and seek survival damages under this claim. Plaintiffs also seek attorney's fees and costs under this claim pursuant to Cal. Civ. Code §52 *et seq*.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs CATHY RUSCH and STEPHEN RUSCH request entry of judgment in their favor and against Defendants ~~LOS ANGELES COUNTY METROPOLITAIN TRANSPORTATION AUTHORITY;~~ UNIVERSAL PROTECTION SERVICE LP, dba ALLIED UNIVERSAL SECURITY SERVICES; ALEJANDRO VASQUEZ; JONATHAN MENDOZA, and DOES 3-8~~INTER-CON SECURITY SYSTEMS, INC. and DOES 1-10,~~ as follows:

    A.    For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

    B.    For funeral and burial expenses, and loss of financial support;

    C.    For punitive damages against the individual defendants in an amount to be proven at trial;

    D.    For interest;

    E.    For reasonable attorneys' fees, including litigation expenses;

    F.    For costs of suit; and

    G.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED: July 21, 2026~~July 16, 2026~~

LAW OFFICES OF DALE K. GALIPO
BENDINELLI LAW FIRM, PC

/s/ ~~/s/~~ *Dale K. Galipo*

Dale K. Galipo
Marco F. Bendinelli
Renee V. Masongsong
*Attorneys for Plaintiffs*

**Formatted:** Line spacing: single

**Formatted:** Line spacing: single

-27-
FIRST AMENDED COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiffs CATHY RUSCH and STEPHEN RUSCH hereby demand a trial by jury.

DATED: July 21, 2026          LAW OFFICES OF DALE K. GALIPO
                              BENDINELLI LAW FIRM, PC

                              /s/ Dale K. Galipo

                              Dale K. Galipo
                              Marco F. Bendinelli
                              Renee V. Masongsong
                              Attorneys for Plaintiffs


DATED: July 16, 2026          LAW OFFICES OF DALE K. GALIPO

                              /s/ Dale K. Galipo

                              Dale K. Galipo
                              Renee V. Masongsong
                              Attorneys for Plaintiffs

Formatted Table

-28-
FIRST AMENDED COMPLAINT FOR DAMAGES