

Mark A. Johnson, SBN 285489
Farid A. Sharaby, SBN 278259
**WILSON, ELSER, MOSKOWITZ,**
   **EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, CA  90071
Telephone:(213) 443-5100
Facsimile: (213) 443-5101
Email:    Mark.Johnson@wilsonelser.com
Email:    Farid.Sharaby@wilsonelser.com

Attorneys for Defendant,
UNIVERSAL PROTECTION SERVICE, LP
DBA ALLIED UNIVERSAL SECURITY SERVICES

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHY RUSCH, individually and as successor in interest to Ryan Ludwick, deceased; STEPHEN RUSCH, individually and as successor in interest to Ryan Ludwick, deceased, | Case No.: 2:25-cv-12355-FLA-AS |
| Plaintiffs, | Hon. Fernando L. Aenlee-Rocha Magistrate Judge Alka Sagar |
| v. | **DEFENDANT UNIVERSAL PROTECTION SERVICE, LP DBA ALLIED UNIVERSAL SECURITY SERVICES' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |
| LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY; UNIVERSAL PROTECTION SERVICE LP, dba ALLIED UNIVERSAL SECURITY SERVICES; INTER-CON SECURITY SYSTEMS, INC.; and DOES 1-10, inclusive, | Complaint Filed 12/30/2025 |
| Defendants. | |

TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD:

Defendant UNIVERSAL PROTECTION SERVICE, LP DBA ALLIED UNIVERSAL SECURITY SERVICES ("defendant"), in answer to plaintiffs CATHY RUSCH's (individually and as successor in interest to Ryan Ludwick, deceased) and STEPHEN RUSCH's (individually and as successor in interest to

341209925v.1

Ryan Ludwick, deceased) (collectively "Plaintiffs") First Amended Complaint ("FAC"), admits, denies, and alleges as follows:

## JURISDICTION AND VENUE

1. In answer to Paragraph 1, defendant admits jurisdiction is proper.

2. In answer to Paragraph 2, defendant admits venue is proper.

## INTRODUCTION

3. In answer to Paragraph 3, defendant admits this action is a civil rights and state tort action wherein plaintiffs seek compensatory and punitive damages from defendants and wherein plaintiff alleges violations of rights under the U.S. Constitution and California law regarding a shooting of plaintiffs' son, Ryan Ludwick, on May 7, 2024.  Defendant denies violating plaintiffs' or the decedent's rights.

## PARTIES

4. In answer to Paragraph 4, defendant lacks sufficient information to admit the allegations contained therein, and on that basis denies each and every allegation contained therein.

5. In answer to Paragraph 5, defendant admits Cathy Rusch sues in her individual capacity and as successor in interests to the decedent, and that she seeks both survival and wrongful death damages under federal and state law.  Defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

6. In answer to Paragraph 6, defendant admits Stephen Rusch sues in his individual capacity and as successor in interests to the decedent, and that he seeks both survival and wrongful death damages under federal and state law.  Defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

7. In answer to Paragraph 7, defendant admits it is a private security company with its principal place of business is Irvine, California, that it provided

DEFENDANT UNIVERSAL PROTECTION SERVICE, LP DBA ALLIED UNIVERSAL SECURITY SERVICES' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

341209925v.1

security services to defendant LACMTA on May 7, 2024, and that it employed ALEJANDRO VASQUEZ ("VASQUEZ") and JONATHAN MENDOZA ("MENDOZA") during the subject incident.  Defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.  Vague as to "actions, omissions, policies, procedures, practices, and customs of its various agents and agencies," and as to "responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of their employees and agents complied with the laws of the United States and the State of California.

8.    In answer to Paragraph 8, defendant admits VASQUEZ deployed pepper spray and fired shots at decedent on May 7, 2024, at the Metro B line station.  Defendant denies that MENDOZA deployed pepper spray or fired shots at decedent.  Defendant denies its employees failed to intervene in violation of the decedent's rights.  Defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

9.    In answer to Paragraph 9, defendant admits VASQUEZ and MENDOZA were security guards working for defendant, and that they were within the course and scope of their duties as private security guards for defendant. Defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

10.    In answer to Paragraph 10, defendant lacks sufficient information to admit the allegations contained therein, and on that basis denies each and every allegation contained therein.

11.    In answer to Paragraph 11, defendant lacks sufficient information to admit the allegations contained therein, and on that basis denies each and every allegation contained therein.  Vague as to "implied and actual permission and

DEFENDANT UNIVERSAL PROTECTION SERVICE, LP DBA ALLIED UNIVERSAL SECURITY SERVICES' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

341209925v.1

consent."

12.    In answer to Paragraph 12, defendant lacks sufficient information to admit the allegations contained therein, and on that basis denies each and every allegation contained therein.

13.    In answer to Paragraph 13, defendant lacks sufficient information to admit the allegations contained therein, and on that basis denies each and every allegation contained therein.

14.    In answer to Paragraph 14, defendant lacks sufficient information to admit the allegations contained therein, and on that basis denies each and every allegation contained therein.

15.    In answer to Paragraph 15, admits plaintiffs are suing VASQUEZ and MENDOZA in their individual capacity.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

16.    In answer to Paragraph 16, defendant admits plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of the FAC; defendant incorporates its preceding responses.

17.    In answer to Paragraph 17, defendant admits VASQUEZ deployed pepper spray and fired shots at decedent on May 7, 2024, at the Metro B line station.  Defendant denies that MENDOZA deployed pepper spray or fired shots at decedent.  Defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

18.    In answer to Paragraph 18, defendant admits VASQUEZ and MENDOZA were security guards working for defendant, and that they were acting in the course and scope of their employment with defendant.  Defendant denies that VASQUEZ and MENDOZA were in the scope of any employment with LACMTA.  Defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining

allegation contained therein.

19.    In answer to Paragraph 19, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees.  With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

20.    In answer to Paragraph 20, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees.  With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

21.    In answer to Paragraph 21, defendant lacks sufficient information to admit the allegations contained therein, and on that basis denies each and every allegation contained therein.

22.    In answer to Paragraph 22, defendant lacks sufficient information to admit the allegations contained therein, and on that basis denies each and every allegation contained therein.

## FIRST CLAIM FOR RELIEF

**Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)**

(Against Defendants ALLIED UNIVERSAL, VASQUEZ, MENDOZA, and

DOES 3-8)

23.    In answer to Paragraph 23, defendant admits plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of the FAC; defendant incorporates its preceding responses.

24.    In answer to Paragraph 24, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees.  With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining

DEFENDANT UNIVERSAL PROTECTION SERVICE, LP DBA ALLIED UNIVERSAL SECURITY SERVICES' ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

341209925v.1

allegation contained therein.

25.    In answer to Paragraph 25, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees.  With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

26.    In answer to Paragraph 26, defendant admits VASQUEZ and MENDOZA were security guards employed by defendant, and that VASQUEZ and MENDOZA were acting in the course and scope of their employment with defendant during all relevant times.  Defendant denies VASQUEZ and MENDOZA were employed by LACMTA during all relevant times.  Defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein. Further, defendant objects because the allegations are vague.

27.    In answer to Paragraph 27, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees.  With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

28.    In answer to Paragraph 28, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees.  With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

29.    In answer to Paragraph 29, defendant admits that plaintiffs bring this claim as successors in interest to the decedent and that they seek survival damages and fees and costs.  Defendant denies each and every remaining allegation contained therein to the extent they pertain to defendant or its employees.  With

DEFENDANT UNIVERSAL PROTECTION SERVICE, LP DBA ALLIED UNIVERSAL SECURITY SERVICES' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

341209925v.1

respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.  Further, defendant objects because the allegations are vague.  Defendant denies violating plaintiffs' or the decedent's rights.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against Defendants ALLIED UNIVERSAL, VASQUEZ, MENDOZA, and DOES 3-8)

30.    In answer to Paragraph 30, defendant admits plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of the FAC; defendant incorporates its preceding responses.

31.    In answer to Paragraph 31, defendant admits VASQUEZ, MENDOZA, and decedent were at the Metro B line station on May 7, 2024. Vague as to "contacted."  Defendant admits VASQUEZ deployed pepper spray and shot decedent.  Defendant denies that MENDOZA deployed pepper spray or shot decedent.  Defendant denies that the decedent posed no threat to the safety of any person when pepper spray was deployed.  Defendant denies that the decedent posed no immediate threat of death or serious bodily injury when he was shot. Defendant denies that the shooting and pepper spray deployment was excessive, unreasonable, unjustified, and inappropriate.  Defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

32.    In answer to Paragraph 32, defendant lacks sufficient information to admit the allegations contained therein, and on that basis denies each and every allegation contained therein.

33.    In answer to Paragraph 33, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees.  With respect to others, defendant lacks sufficient information to admit the remaining

DEFENDANT UNIVERSAL PROTECTION SERVICE, LP DBA ALLIED UNIVERSAL SECURITY SERVICES' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

341209925v.1

allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

34. In answer to Paragraph 34, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees. With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

35. In answer to Paragraph 35, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees. With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

36. In answer to Paragraph 36, defendant admits that plaintiffs bring this claim as successors in interest to the decedent and that they seek survival damages and fees and costs. As to the remaining allegations, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein. Further, defendant objects because the allegations are vague. Defendant denies violating plaintiffs' or the decedent's rights.

## THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants ALLIED UNIVERSAL, VASQUEZ, MENDOZA, and DOES 3-8)

37. In answer to Paragraph 37, defendant admits plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of the FAC; defendant incorporates its preceding responses.

38. In answer to Paragraph 38, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees. With

DEFENDANT UNIVERSAL PROTECTION SERVICE, LP DBA ALLIED UNIVERSAL SECURITY SERVICES' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

341209925v.1

respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

39.     In answer to Paragraph 39, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees.  With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

40.     In answer to Paragraph 40, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees.  With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

41.     In answer to Paragraph 41, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees.  With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

42.     In answer to Paragraph 42, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees.  With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

43.     In answer to Paragraph 43, defendant admits that plaintiffs bring this claim as successors in interest to the decedent and that they seek survival damages and fees and costs.  As to the remaining allegations, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.  Further, defendant

DEFENDANT UNIVERSAL PROTECTION SERVICE, LP DBA ALLIED UNIVERSAL SECURITY SERVICES' ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

341209925v.1

objects because the allegations are vague.  Defendant denies violating plaintiffs' or the decedent's rights.

## FOURTH CLAIM FOR RELIEF

### Due Process—Interference of Familial Relationship (42 U.S.C. § 1983)

(Against Defendants ALLIED UNIVERSAL, VASQUEZ, MENDOZA, and DOES 3-8)

44.    In answer to Paragraph 44, defendant admits plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of the FAC; defendant incorporates its preceding responses.

45.    In answer to Paragraph 45, defendant objects to the allegation regarding the Fourteenth Amendment as it is not a factual allegation.  Defendant lacks sufficient information as to the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

46.    In answer to Paragraph 46, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees.  With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

47.    In answer to Paragraph 47, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees.  With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

48.    In answer to Paragraph 48, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees.  With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

DEFENDANT UNIVERSAL PROTECTION SERVICE, LP DBA ALLIED UNIVERSAL SECURITY SERVICES' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

341209925v.1

49.     In answer to Paragraph 49, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees.  With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

50.     In answer to Paragraph 50, defendant admits that plaintiffs bring this claim individually and that they seek wrongful death damages and fees and costs. Further, defendant objects because the allegations are vague.  Defendant denies violating plaintiffs' or the decedent's rights.

## FIFTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

(Against Defendants ALLIED UNIVERSAL, VASQUEZ, MENDOZA, and DOES 3-8)

51.     In answer to Paragraph 51, defendant admits plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of the FAC; defendant incorporates its preceding responses.

52.     In answer to Paragraph 52, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees.  With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

53.     In answer to Paragraph 53, defendant admits VASQUEZ deployed pepper spray, pointed his weapon at decedent, and fired shots at decedent. Defendant denies that MENDOZA deployed pepper spray, pointed his weapon at decedent, and fired shots at decedent.  Defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

54.     In answer to Paragraph 54, defendant admits VASQUEZ and

DEFENDANT UNIVERSAL PROTECTION SERVICE, LP DBA ALLIED UNIVERSAL SECURITY SERVICES' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

341209925v.1

MENDOZA were security guards employed by defendant, and that VASQUEZ and MENDOZA were acting in the course and scope of their employment with defendant during all relevant times.  Defendant denies VASQUEZ and MENDOZA were employed by LACMTA during all relevant times.  Defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.  Further, defendant objects because the allegations are vague.

55.    In answer to Paragraph 55, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees.  With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

56.    In answer to Paragraph 56, defendant objects to the allegation regarding the doctrine of respondeat superior as it is not a factual allegation.  Defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

57.    In answer to Paragraph 57, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees.  With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

58.    In answer to Paragraph 58, defendant admits that plaintiffs bring this claim individually and as successors in interest to the decedent and that they seek survival and wrongful death damages and fees.  Defendant denies violating plaintiffs' or the decedent's rights.

/ / /

/ / /

12

DEFENDANT UNIVERSAL PROTECTION SERVICE, LP DBA ALLIED UNIVERSAL SECURITY SERVICES' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

341209925v.1

## SIXTH CLAIM FOR RELIEF

### Battery (wrongful death and survival claim)

(Against Defendants ALLIED UNIVERSAL, VASQUEZ, MENDOZA, and

DOES 3-8)

59.    In answer to Paragraph 59, defendant admits plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of the FAC.

60.    In answer to Paragraph 60, defendant admits VASQUEZ, MENDOZA, and decedent were at the Metro B line station on May 7, 2024. Vague as to "contacted." Defendant admits VASQUEZ deployed pepper spray and shot decedent. Defendant denies that MENDOZA deployed pepper spray or shot decedent. Defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

61.    In answer to Paragraph 61, defendant admits VASQUEZ and MENDOZA were security guards employed by defendant, and that VASQUEZ and MENDOZA were acting in the course and scope of their employment with defendant at all relevant times. Defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein. Further, defendant objects because the allegations are vague.

62.    In answer to Paragraph 62, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees. With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

63.    In answer to Paragraph 63, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees. With respect to others, defendant lacks sufficient information to admit the remaining

DEFENDANT UNIVERSAL PROTECTION SERVICE, LP DBA ALLIED UNIVERSAL SECURITY SERVICES' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

341209925v.1

allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

64.    In answer to Paragraph 64, defendant objects to the allegation regarding the doctrine of respondeat superior as it is not a factual allegation. Defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

65.    In answer to Paragraph 65, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees.  With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

66.    In answer to Paragraph 66, defendant admits that plaintiffs bring this claim individually and as successors in interest to the decedent and that they seek survival and wrongful death damages and fees.  Defendant denies violating plaintiffs' or the decedent's rights.

### SEVENTH CLAIM FOR RELIEF

**Negligence (wrongful death and survival claim)**

(Against Defendants ALLIED UNIVERSAL, VASQUEZ, MENDOZA, and

DOES 3-8)

67.    In answer to Paragraph 67, defendant admits plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of the FAC.

68.    In answer to Paragraph 68, defendant admits VASQUEZ, MENDOZA, and decedent were at the Metro B line station on May 7, 2024. Vague as to "contacted."  Defendant admits VASQUEZ deployed pepper spray and shot decedent.  Defendant denies that MENDOZA deployed pepper spray or shot decedent.  Defendant admits VASQUEZ and MENDOZA were security guards employed by defendant and were acting in the course and scope of their

DEFENDANT UNIVERSAL PROTECTION SERVICE, LP DBA ALLIED UNIVERSAL SECURITY SERVICES' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

341209925v.1

employment with defendant at all relevant times.  Defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.  Further, defendant objects because the allegations are vague.

69.    In answer to Paragraph 69, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees.  With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

70.    In answer to Paragraph 70, defendant objects to the allegation as it is not a factual allegation.  Defendant denies violating plaintiffs' or the decedent's rights.

71.    In answer to Paragraph 71, including subsections (a) to (f), defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees.  With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

72.    In answer to Paragraph 72, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees.  With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

73.    In answer to Paragraph 73, defendant admits VASQUEZ and MENDOZA were security guards employed by defendant, and that VASQUEZ and MENDOZA were acting in the course and scope of their employment with defendant at all relevant times.  Defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

15

DEFENDANT UNIVERSAL PROTECTION SERVICE, LP DBA ALLIED UNIVERSAL SECURITY SERVICES' ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

341209925v.1

74. In answer to Paragraph 74, defendant objects to the allegation as it pertains to California Civil Code § 2338 and the doctrine respondeat superior as it is not a factual allegation. Defendant denies each and every remaining allegation contained therein to the extent they pertain to defendant or its employees. With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

75. In answer to Paragraph 75, defendant admits that plaintiffs bring this claim individually and as successors in interest to the decedent and that they seek survival and wrongful death damages and fees. Defendant denies violating plaintiffs' or the decedent's rights.

## EIGHTH CLAIM FOR RELIEF

### (Violation of Cal. Civil Code § 52.1)

(Against Defendants ALLIED UNIVERSAL, VASQUEZ, MENDOZA, and DOES 3-8)

76. In answer to Paragraph 76, defendant admits plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of the FAC; defendant incorporates its preceding responses.

77. In answer to Paragraph 77, defendant objects to the allegation as it pertains to California Civil Code § 52.1 as it is not a factual allegation. Defendant denies each and every remaining allegation contained therein to the extent they pertain to defendant or its employees. With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

78. In answer to Paragraph 78, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees. With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining

DEFENDANT UNIVERSAL PROTECTION SERVICE, LP DBA ALLIED UNIVERSAL SECURITY SERVICES' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

341209925v.1

allegation contained therein.

79.    In answer to Paragraph 79, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees.  With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

80.    In answer to Paragraph 80, defendant admits VASQUEZ and MENDOZA were acting in the course and scope of their employment with defendant at all relevant times.  Defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

81.    In answer to Paragraph 81, defendant objects to the allegation regarding the doctrine of respondeat superior as it is not a factual allegation. Defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

82.    In answer to Paragraph 82, defendant denies each and every allegation contained therein to the extent they pertain to defendant or its employees.  With respect to others, defendant lacks sufficient information to admit the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

83.    In answer to Paragraph 83, defendant admits that plaintiffs bring this claim as successors in interest to the decedent and that they seek survival damages and fees and costs.  Defendant denies violating plaintiffs' or the decedent's rights.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, the FAC fails to state a claim

DEFENDANT UNIVERSAL PROTECTION SERVICE, LP DBA ALLIED UNIVERSAL SECURITY SERVICES' ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

341209925v.1

upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, all of plaintiffs' claims are barred because plaintiffs lack standing.

## THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, all of plaintiffs' claims are barred because there was no unconstitutional custom, policy, or practice as required by *Monell*.

## FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, all of plaintiffs' claims are barred by the doctrine of qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, all of plaintiffs' claims are barred by the good faith defense.

## SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, all of plaintiff's claims are barred by application of Eleventh Amendment Immunity.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, all of plaintiffs' claims are barred by the applicable statutes of limitations, including but not limited to California *Code of Civil Procedure* § 335.1 and § 340.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, all of plaintiffs' claims are barred due to plaintiff's failure to join necessary and/or indispensable parties.

## NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, defendant alleges there was probable cause to arrest the decedent.

/ / /

18

DEFENDANT UNIVERSAL PROTECTION SERVICE, LP DBA ALLIED UNIVERSAL SECURITY SERVICES' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

341209925v.1

## TENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, defendant alleges it and its employees acted in self-defense and defense of others.

## ELEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, defendant alleges the decedent was comparatively at fault.

## TWELFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, defendant alleges that to the extent plaintiffs and/or the decedent were injured or damaged as alleged in the FAC, such injuries and damages were a direct and proximate result of the intervening and superseding actions of third parties, and such intervening and superseding actions bars recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, plaintiffs failed to use reasonable efforts to mitigate damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, plaintiffs' action is barred by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, plaintiffs' action is barred by the doctrine of waiver.

## SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, plaintiffs' action is barred by the doctrine of estoppel.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, plaintiffs' action is barred by the doctrine of laches.

/ / /

DEFENDANT UNIVERSAL PROTECTION SERVICE, LP DBA ALLIED UNIVERSAL SECURITY SERVICES' ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

341209925v.1

## EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, plaintiffs' action is barred by the doctrine of avoidable consequences.

## NINETEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, plaintiffs' action is barred by the doctrine of assumption of risk.

## RESERVATION OF RIGHTS

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated affirmative defenses available.  Defendant reserves herein the right to assert additional defenses in the event that the discovery indicates that they would be appropriate.

WHEREFORE, defendant prays as follows:

1. Judgment in favor of defendant and against plaintiffs;

2. For dismissal of the FAC with prejudice,

3. For costs of suit; and

4. For such other costs and further relief as the Court may deem just and proper.

Dated: August 10, 2026                      WILSON, ELSER, MOSKOWITZ,
                                            EDELMAN & DICKER LLP


                                   By:    */s/Farid A. Sharaby*
                                          Mark A. Johnson
                                          Farid A. Sharaby
                                          Attorneys for Defendant
                                          UNIVERSAL PROTECTION SERVICE,
                                          LP DBA ALLIED UNIVERSAL
                                          SECURITY SERVICES

20

DEFENDANT UNIVERSAL PROTECTION SERVICE, LP DBA ALLIED UNIVERSAL SECURITY SERVICES' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

341209925v.1

## DEMAND FOR JURY TRIAL

Defendant UNIVERSAL PROTECTION SERVICE, LP DBA ALLIED UNIVERSAL SECURITY SERVICES hereby demands a trial by jury as to all issues of fact properly triable by jury.

Dated: August 10, 2026                    WILSON, ELSER, MOSKOWITZ,
                                          EDELMAN & DICKER LLP


                          By:    /s/Farid A. Sharaby
                                 Mark A. Johnson
                                 Farid A. Sharaby
                                 Attorneys for Defendant
                                 UNIVERSAL PROTECTION SERVICE,
                                 LP DBA ALLIED UNIVERSAL
                                 SECURITY SERVICES

DEFENDANT UNIVERSAL PROTECTION SERVICE, LP DBA ALLIED UNIVERSAL SECURITY SERVICES' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

341209925v.1