Jeffrey M. Lenkov (State Bar No. 156478)
jlenkov@zellaw.com
Dane C. Cummaro Esq. (State Bar No. 322437)
dcummaro@zellaw.com
Shivani Desai (State Bar No. 356080)
*sdesai@zellaw.com*
**ZELMS ERLICH LENKOV LLP**
20920 Warner Center Lane, Suite B
Woodland Hills, California 91367
Telephone: (480) 608-2114
Facsimile: (818) 999-9155
Attorneys for Defendant JONATHAN MENDOZA

ZELMS ERLICH LENKOV LLP

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CATHY RUSCH, individually and as successor in interest to RYAN LUDWICK, deceased; STEPHEN RUSCH, individually and as successor in interest to RYAN LUDWICK, deceased,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL PROTECTION SERVICE LP, dba ALLIED UNIVERSAL SECURITY SERVICES; ALEJANDRO VASQUEZ; JONATHAN MENDOZA; and DOES 3-10, inclusive<br><br>Defendants. | Case No. 2:25-cv-12355-FLA-AS<br><br>**DEFENDANT JONATHAN MENDOZA'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant Jonathan Mendoza ("Defendant"), by and through counsel undersigned, answers the allegations in the First Amended Complaint as follows:

1. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 1 of the First Amended Complaint, and therefore must deny the allegations.

ZELMS ERLICH LENKOV LLP

2. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 2 of the First Amended Complaint, and therefore must deny the allegations.

3. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 3 of the First Amended Complaint, and therefore must deny the allegations.

4. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 4 of the First Amended Complaint, and therefore must deny the allegations.

5. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 5 of the First Amended Complaint, and therefore must deny the allegations.

6. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 6 of the First Amended Complaint, and therefore must deny the allegations.

7. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 7 of the First Amended Complaint, and therefore must deny the allegations.

8. Defendant admits that on May 7, 2024 at approximately 9:10 am he was an employee of UNIVERSAL PROTECTION SERVICES LP dba ALLIED UNIVERSAL SECURITY SERVICES (“ALLIED UNIVERSAL”) and was contracted to work for LACMTA. Defendant admits that he was present at Metro B (Red) Line station in Hollywood, California. Defendant denies the remaining allegations contained in paragraph 8 of the First Amended Complaint.

9. Defendant admits that he was a security guard working for ALLIED UNIVERSAL and was contracted to provide security services to LACMTA. Defendant admits that he was acting within the course and scope of his duties as a private security guard for ALLIED UNIVERSAL, as well as for LACMTA.

ZELMS ERLICH LENKOV LLP

Defendant denies the remaining allegations contained in paragraph 9 of the First Amended Complaint.

10. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 10 of the First Amended Complaint, and therefore must deny the allegations.

11. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 11 of the First Amended Complaint, and therefore must deny the allegations.

12. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 12 of the First Amended Complaint, and therefore must deny the allegations.

13. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 13 of the First Amended Complaint, and therefore must deny the allegations.

14. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 14 of the First Amended Complaint, and therefore must deny the allegations.

15. Defendant admits that he is named as a Defendant in his individual capacity and denies the remaining allegations in Paragraph 15 of the First Amended Complaint.

16. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 16 of the First Amended Complaint, and therefore must deny the allegations.

17. Defendant denies the allegations contained in paragraph 17 of the First Amended Complaint.

18. Defendant admits that he was a security guard working for ALLIED UNIVERSAL and was contracted to provide security services to LACMTA. Defendant admits that he was acting within the course and scope of his duties as a private security guard for ALLIED UNIVERSAL, as well as for LACMTA.

ZELMS ERLICH LENKOV LLP

19. Defendant denies the allegations contained in paragraph 19 of the First Amended Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the First Amended Complaint.

21. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 21 of the First Amended Complaint and therefore must deny the allegations.

22. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 22 of the First Amended Complaint and therefore must deny the allegations.

23. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 23 of the First Amended Complaint and therefore must deny the allegations.

24. Defendant denies the allegations contained in paragraph 24 of the First Amended Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the First Amended Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the First Amended Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the First Amended Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the First Amended Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the First Amended Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the First Amended Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the First Amended Complaint.

32. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 32 of the First Amended Complaint and therefore must deny the allegations.

33. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 33 of the First Amended Complaint and therefore must deny the allegations.

34. Defendant denies the allegations contained in paragraph 34 of the First Amended Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the First Amended Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the First Amended Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the First Amended Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the First Amended Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the First Amended Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the First Amended Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the First Amended Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the First Amended Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the First Amended Complaint.



ZELMS ERLICH LENKOV LLP

44. Defendant denies the allegations contained in paragraph 44 of the First Amended Complaint.

45. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 45 of the First Amended Complaint and therefore must deny the allegations.

46. Defendant denies the allegations contained in paragraph 46 of the First Amended Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the First Amended Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the First Amended Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the First Amended Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the First Amended Complaint.

51. Defendant denies the allegations contained in paragraph 51 of the First Amended Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the First Amended Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the First Amended Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the First Amended Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the First Amended Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the First Amended Complaint.

ZELMS ERLICH LENKOV LLP

57. Defendant denies the allegations contained in paragraph 57 of the First Amended Complaint.

58. Defendant denies the allegations contained in paragraph 58 of the First Amended Complaint.

59. Defendant denies the allegations contained in paragraph 59 of the First Amended Complaint.

60. Defendant denies the allegations contained in paragraph 60 of the First Amended Complaint.

61. Defendant denies the allegations contained in paragraph 61 of the First Amended Complaint.

62. Defendant denies the allegations contained in paragraph 62 of the First Amended Complaint.

63. Defendant denies the allegations contained in paragraph 63 of the First Amended Complaint.

64. Defendant denies the allegations contained in paragraph 64 of the First Amended Complaint.

65. Defendant denies the allegations contained in paragraph 65 of the First Amended Complaint.

66. Defendant denies the allegations contained in paragraph 66 of the First Amended Complaint.

67. Defendant denies the allegations contained in paragraph 67 of the First Amended Complaint.

68. Defendant denies the allegations contained in paragraph 68 of the First Amended Complaint.

69. Defendant denies the allegations contained in paragraph 69 of the First Amended Complaint.

70. Defendant denies the allegations contained in paragraph 70 of the First Amended Complaint.



ZELMS ERLICH LENKOV LLP

ZELMS ERLICH LENKOV LLP

71. Defendant denies the allegations contained in paragraph 71 of the First Amended Complaint.

72. Defendant denies the allegations contained in paragraph 72 of the First Amended Complaint.

73. Defendant denies the allegations contained in paragraph 73 of the First Amended Complaint.

74. Defendant denies the allegations contained in paragraph 74 of the First Amended Complaint.

75. Defendant denies the allegations contained in paragraph 75 of the First Amended Complaint.

76. Defendant denies the allegations contained in paragraph 76 of the First Amended Complaint.

77. Defendant denies the allegations contained in paragraph 77 of the First Amended Complaint.

78. Defendant denies the allegations contained in paragraph 78 of the First Amended Complaint.

79. Defendant denies the allegations contained in paragraph 79 of the First Amended Complaint.

80. Defendant denies the allegations contained in paragraph 80 of the First Amended Complaint.

81. Defendant denies the allegations contained in paragraph 81 of the First Amended Complaint.

82. Defendant denies the allegations contained in paragraph 82 of the First Amended Complaint.

83. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 83 of the First Amended Complaint and therefore must deny the allegations.

ZELMS ERLICH LENKOV LLP

## AFFIRMATIVE DEFENSES

Defendant incorporates by reference the previous responses herein.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State Cause of Action)**

84. The First Amended Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

**(Good Faith, Self-Defense, Defense of Others and Reasonable Use of Force)**

85. At all relevant times, Defendant acted reasonably, in good faith, and in a manner that he believed was lawful and appropriate under the circumstances. Defendant alleges that any force used, and any actions taken, were objectively reasonable, proportionate, justified, and necessary to protect himself and others from an actual or reasonably perceived imminent threat of bodily injury. At the time of the incident on May 7, 2024, decedent Ryan Ludwick was in possession of a knife and was threatening harm to Defendants. Defendant's actions, including his attempt to detain Mr. Ludwick, were undertaken in good faith and were reasonably necessary in response to the threat presented. Accordingly, Defendant's conduct was privileged, justified, and lawful.

## THIRD AFFIRMATIVE DEFENSE

**(No Constitutional Violation)**

86. Defendant did not deprive Decedent of any right, privilege, or immunity secured by the Constitution or laws of the United States.

///

///

ZELMS ERLICH LENKOV LLP

**FOURTH AFFIRMATIVE DEFENSE**

**(No State Action)**

87. Defendant denies that he was acting under color of state law at any relevant time. Defendant was employed by a private security company UNIVERSAL PROTECTION SERVICE LP dba ALLIED UNIVERSAL SECURITY SERVICES and was acting pursuant to his duties as a private security guard, not as a governmental official or agent.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Causation)**

88. Any injury, damage, or death alleged in the Complaint was not proximately caused or legally caused by any act or omission of the Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

89. The injuries and damages alleged in the Complaint were caused in whole or in part by the conduct of Decedent, and any recovery must be barred or reduced accordingly.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Fault of Others)**

90. Any injuries, damages, or losses sustained by Plaintiffs were caused by the acts or omissions of persons or entities other than Defendant Mendoza, thereby barring or reducing any recovery against him.

///

ZELMS ERLICH LENKOV LLP

## EIGHTH AFFIRMATIVE DEFENSE

**(Superseding and Intervening Cause)**

91. The alleged injuries and damages were proximately caused by independent, superseding, and intervening acts or omissions over which the Defendant had no control.

## NINTH AFFIRMATIVE DEFENSE

**(Privilege)**

92. The conduct complained of was privileged and legally justified under the circumstances.

## TENTH AFFIRMATIVE DEFENSE

**(No Punitive Damages)**

93. Plaintiffs are not entitled to punitive or exemplary damages because Defendant Mendoza did not act with oppression, fraud, malice, reckless disregard, or any state of mind sufficient to support such damages.

WHEREFORE, Defendant denies that Plaintiffs are entitled to any of the relief requested in the First Amended Complaint and prays for judgment as follows:

1. That Plaintiffs take nothing by reason of their First Amended Complaint;
2. That judgment be entered in favor of Defendant Jonathan Mendoza and against Plaintiffs on all claims alleged therein;
3. That Defendant recover his costs of suit incurred herein;
4. That Defendant recover attorneys' fees to the extent authorized by law;

5. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury on all issues so triable.

DATED: October 9, 2026 **ZELMS ERLICH LENKOV LLP**

By: */s/ Shivani Desai*
Dane C. Cummaro, Esq.
Shivani Desai, Esq.
Attorneys for Defendant JONATHAN MENDOZA

ZELMS ERLICH LENKOV LLP