**GOOD | GUSTAFSON | AUMAIS LLP**
J. RYAN GUSTAFSON, SBN 220802
2330 Westwood Blvd., Suite 103
Los Angeles, CA 90064
Telephone: (310) 274-4663
Email: jrg@ggallp.com
Email: rec@ggallp.com
Email: seh@ggallp.com

Attorneys for Defendant,
ALEXANDER VASQUEZ

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CATHY RUSCH, et al.

Plaintiffs and Counter Defendants,

vs.

LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY, et al.

Defendant and Counter Plaintiff.

Case number: 2:25 cv 12355 FLA-AS

**DEFENDANT ALEXANDER VASQUEZ'S ANSWER TO CLASS ACTION COMPLAINT**

Defendant and Counter Defendant ALEJANDRO VASQUEZ ("VASQUEZ"), by and through undersigned counsel, answers the First Amended Complaint for Damages (the "FAC") of Plaintiffs CATHY RUSCH and STEPHEN RUSCH ("Plaintiffs") as follows. Except as expressly admitted below, VASQUEZ denies each allegation of the FAC. The numbered paragraphs of this Answer correspond to the like-numbered paragraphs of the FAC.

GOOD GUSTAFSON AUMAIS LLP

Unless expressly admitted, each part of each of the allegations of the FAC, including titles and headings, is denied:

**GENERAL DENIAL**

For the avoidance of doubt, throughout this Answer, all allegations not expressly admitted are hereby denied.

VASQUEZ further respectfully submits that the FAC contains numerous purported allegations that constitute legal arguments and conclusions of law. VASQUEZ is not required to respond to legal arguments or conclusions of law in his Answer. To the extent a response is deemed required, however, VASQUEZ denies such allegations, unless otherwise specifically stated.

VASQUEZ expressly reserves the right to amend and/or supplement its Answer.

**SPECIFIC RESPONSES**

1. Answering Paragraph 1, VASQUEZ admits that Plaintiffs purport to invoke this Court's jurisdiction under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and that the Court has subject-matter jurisdiction over the federal claims pleaded and may exercise supplemental jurisdiction over the state-law claims pleaded. VASQUEZ denies that Plaintiffs have stated any valid claim and deny that Plaintiffs are entitled to any relief. Except as expressly admitted, Defendants deny the allegations of Paragraph 1.

2. Answering Paragraph 2, VASQUEZ lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 2 of the First Amended Complaint and therefore denies the allegations.

GOOD GUSTAFSON AUMAIS LLP

3. Answering Paragraph 3, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

4. Answering Paragraph 4, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

5. Answering Paragraph 5, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

6. Answering Paragraph 6, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

7. Answering Paragraph 7, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

8. Answering Paragraph 8, VASQUEZ admits that he and Jonathan Mendoza (“MENDOZA”) were present at the Metro B (Red) Line station in Hollywood, California on May 7, 2024, and admit that pepper spray was deployed and a firearm was discharged during the incident. VASQUEZ denies that any force used was excessive, unreasonable, or unjustified. VASQUEZ lacks knowledge or

information sufficient to form a belief about the truth of the remainder of the allegations and on that basis denies them.

9. Answering Paragraph 9, VASQUEZ admits that he was a security guard employed by Allied Universal and assigned to provide contracted security services for LACMTA. VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations and on that basis denies them.

10. Answering Paragraph 10, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

11. Answering Paragraph 11, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

12. Answering Paragraph 12, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

13. Answering Paragraph 13, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

GOOD GUSTAFSON AUMAIS LLP

14. Answering Paragraph 14, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

15. Answering Paragraph 15, VASQUEZ admits that he is sued in his individual capacity and denies the remining allegations in Paragraph 15.

16. Answering Paragraph 16, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

17. Answering Paragraph 17, VASQUEZ admits that on May 7, 2024, VASQUEZ and MENDOZA came into contact with Ryan Ludwick at the LACMTA Metro B (Red) Line station in Hollywood, California, and admit that pepper spray was deployed and that Ludwick was shot with a firearm. Except as expressly admitted, VASQUEZ denies the allegations of Paragraph 17.

18. Answering Paragraph 18, VASQUEZ admits that he was a security guard employed by Allied Universal and assigned to LACMTA and admits that he was acting within the course and scope of his employment with Allied Universal. Except as expressly admitted, VASQUEZ denies the allegations of Paragraph 18.

19. Answering Paragraph 19, VASQUEZ denies the allegations of Paragraph 19.

GOOD GUSTAFSON AUMAIS LLP

20. Answering Paragraph 20, VASQUEZ denies the allegations of Paragraph 20.

21. Answering Paragraph 21, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

22. Answering Paragraph 22, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

23. Answering Paragraph 23, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

24. Answering Paragraph 24, VASQUEZ denies the allegations of Paragraph 24.

25. Answering Paragraph 25, VASQUEZ denies the allegations of Paragraph 25.

26. Answering Paragraph 26, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

27. Answering Paragraph 27, VASQUEZ denies the allegations of Paragraph 27.

28. Answering Paragraph 28, VASQUEZ denies the allegations of Paragraph 28.

29. Answering Paragraph 29, VASQUEZ denies the allegations of Paragraph 29.

30. Answering Paragraph 30, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

31. Answering Paragraph 31, VASQUEZ admits that on May 7, 2024, VASQUEZ and MENDOZA came into contact with Ryan Ludwick at the LACMTA Metro B (Red) Line station in Hollywood, California, and admit that pepper spray was deployed and that Ludwick was shot with a firearm. Except as expressly admitted, VASQUEZ denies the allegations of Paragraph 31.

32. Answering Paragraph 32, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

33. Answering Paragraph 33, VASQUEZ denies the allegations of Paragraph 33.

34. Answering Paragraph 34, VASQUEZ denies the allegations of Paragraph 34.

35. Answering Paragraph 35, VASQUEZ denies the allegations of Paragraph 35.

36. Answering Paragraph 36, VASQUEZ denies the allegations of Paragraph 36.

37. Answering Paragraph 37, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

38. Answering Paragraph 38, VASQUEZ denies the allegations of Paragraph 38.

39. Answering Paragraph 39, VASQUEZ denies the allegations of Paragraph 39.

40. Answering Paragraph 40, VASQUEZ denies the allegations of Paragraph 40.

41. Answering Paragraph 41, VASQUEZ denies the allegations of Paragraph 41.

42. Answering Paragraph 42, VASQUEZ denies the allegations of Paragraph 42.

43. Answering Paragraph 43, VASQUEZ denies the allegations of Paragraph 43.

GOOD GUSTAFSON AUMAIS LLP

44. Answering Paragraph 44, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

45. Answering Paragraph 45, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

46. Answering Paragraph 46, VASQUEZ denies the allegations of Paragraph 46.

47. Answering Paragraph 47, VASQUEZ denies the allegations of Paragraph 47.

48. Answering Paragraph 48, VASQUEZ denies the allegations of Paragraph 48.

49. Answering Paragraph 49, VASQUEZ denies the allegations of Paragraph 49.

50. Answering Paragraph 50, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

51. Answering Paragraph 51, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

GOOD GUSTAFSON AUMAIS LLP

52. Answering Paragraph 52, VASQUEZ denies the allegations of Paragraph 52.

53. Answering Paragraph 53, VASQUEZ denies the allegations of Paragraph 53.

54. Answering Paragraph 54, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

55. Answering Paragraph 55, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

56. Answering Paragraph 56, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

57. Answering Paragraph 57, VASQUEZ denies the allegations of Paragraph 57.

58. Answering Paragraph 58, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

59. Answering Paragraph 59, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

60. Answering Paragraph 60, VASQUEZ admits that on May 7, 2024, VASQUEZ and MENDOZA came into contact with Ryan Ludwick at the LACMTA Metro B (Red) Line station in Hollywood, California, and admits that pepper spray was deployed and that Ludwick was shot with a firearm. Except as expressly admitted, VASQUEZ denies the allegations of Paragraph 60.

61. Answering Paragraph 61, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

62. Answering Paragraph 62, VASQUEZ denies the allegations of Paragraph 62.

63. Answering Paragraph 63, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

64. Answering Paragraph 64, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

65. Answering Paragraph 65, VASQUEZ denies the allegations of Paragraph 65.

66. Answering Paragraph 66, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

67. Answering Paragraph 67, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

68. Answering Paragraph 68, VASQUEZ admits that on May 7, 2024, VASQUEZ and MENDOZA came into contact with Ryan Ludwick at the LACMTA Metro B (Red) Line station in Hollywood, California, and admits that pepper spray was deployed and that Ludwick was shot with a firearm. Except as expressly admitted, VASQUEZ denies the allegations of Paragraph 68.

69. Answering Paragraph 69, VASQUEZ denies the allegations of Paragraph 69.

70. Answering Paragraph 70, VASQUEZ denies the allegations of Paragraph 70.

71. Answering Paragraph 71, VASQUEZ denies the allegations of Paragraph 71.

72. Answering Paragraph 72, VASQUEZ denies the allegations of Paragraph 72.

73. Answering Paragraph 73, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

74. Answering Paragraph 74, VASQUEZ denies the allegations of Paragraph 74.

75. Answering Paragraph 75, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

76. Answering Paragraph 76, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

77. Answering Paragraph 77, VASQUEZ denies the allegations of Paragraph 77.

78. Answering Paragraph 78, VASQUEZ denies the allegations of Paragraph 78.

79. Answering Paragraph 79, VASQUEZ denies the allegations of Paragraph 79.

GOOD GUSTAFSON AUMAIS LLP

GOOD GUSTAFSON AUMAIS LLP

80. Answering Paragraph 80 VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

81. Answering Paragraph 81 VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

82. Answering Paragraph 82, VASQUEZ denies the allegations of Paragraph 82.

83. Answering Paragraph 83, VASQUEZ lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

## RESPONSE TO PRAYER FOR RELIEF

84. Answering the Prayer for Relief, including subparagraphs A through G, VASQUEZ denies that Plaintiffs are entitled to judgment against any Defendant or to any of the relief requested, or to any relief whatsoever.

## DEFENSES

85. Without assuming any burden of proof VASQUEZ would not otherwise bear and reserves the right to amend this Answer to assert additional defenses as discovery proceeds, VASQUEZ alleges the following defenses. In pleading these defenses, VASQUEZ does not admit any allegation of the Complaint.

**FIRST DEFENSE**

**(Failure to State a Claim)**

86. The Complaint, and each claim for relief alleged therein, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

**(Self-Defense and Defense of Others)**

87. Plaintiffs' claims are barred, in whole or in part, by the doctrine of self-defense and defense of others. At the time of the incident, VASQUEZ actually and reasonably believed, based on the totality of the circumstances then confronting him, that Ryan Ludwick posed an imminent threat of death or great bodily injury to the guards and to other persons present at the Metro B (Red) Line station. The pepper spray and any firearm discharge were deployed in reasonable response to that threat and were limited to the force reasonably necessary to defend against it. Because the use of force was justified and privileged as lawful self-defense and defense of others, VASQUEZ is not liable on any claim arising from that use of force, including Plaintiffs' claims for excessive force, battery, negligence, and violation of California Civil Code section 52.1, and any such justification is a complete defense to all civil liability arising from the incident.

**THIRD DEFENSE**

**(Justification and Privilege)**

88. Plaintiffs' claims are barred, in whole or in part, because the conduct alleged was justified and privileged under California law, including the privilege to

use reasonable force in defense of self and others and the justification principles codified in California Penal Code sections 197 and 198. The circumstances were sufficient to excite the fears of a reasonable person; VASQUEZ acted under the influence of those fears and used only such force as was reasonably necessary under the circumstances.

**<u>FOURTH DEFENSE</u>**

**(Objective Reasonableness of Force)**

89. Plaintiffs' federal claims are barred because any force used was objectively reasonable under the Fourth Amendment, judged from the perspective of a reasonable person on the scene at the moment force was used, without the benefit of hindsight and with allowance for the fact that the individuals involved were required to make split-second judgments in circumstances that were tense, uncertain, and rapidly evolving. Any use of deadly force was reasonable because there was probable cause to believe that the decedent posed a significant threat of death or serious physical injury to the guards or others.

**<u>FIFTH DEFENSE</u>**

**(No Action Under Color of State Law)**

90. Plaintiffs' claims under 42 U.S.C. § 1983 are barred because Defendants are private persons and a private entity and did not act under color of state law within the meaning of section 1983 at the time of the conduct alleged.

GOOD GUSTAFSON AUMAIS LLP

GOOD GUSTAFSON AUMAIS LLP

**SIXTH DEFENSE**

**(Qualified Immunity and Good Faith)**

91. To the extent VASQUEZ is determined to have acted under color of state law, he is entitled to qualified immunity because the conduct alleged did not violate any clearly established constitutional or statutory right of which a reasonable person would have known. VASQUEZ further asserts, in the alternative, a good-faith defense to any claim under 42 U.S.C. § 1983, in that he acted in objective and subjective good faith and with a reasonable belief that his conduct was lawful.

**SEVENTH DEFENSE**

**(Probable Cause and Privilege for Detention)**

92. Plaintiffs' claims for unlawful detention and arrest and for false arrest and false imprisonment are barred because any detention of the decedent was supported by reasonable suspicion or probable cause and was otherwise lawful and privileged.

**EIGHTH DEFENSE**

**(Comparative Fault of the Decedent)**

93. Plaintiffs' recovery, if any, is barred or must be reduced in proportion to the comparative fault of the decedent, whose own conduct caused or contributed to the incident and to the injuries and damages alleged. Any such comparative fault reduces Plaintiffs' recovery, including any recovery for wrongful death, in proportion to the decedent's share of fault.

**<u>NINTH DEFENSE</u>**

**(Assumption of Risk)**

94. Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of risk, in that the decedent knowingly and voluntarily assumed the risks arising from his own conduct during the incident.

**<u>TENTH DEFENSE</u>**

**(Superseding and Intervening Cause)**

95. Plaintiffs' claims are barred, in whole or in part, because the injuries and damages alleged were proximately caused by the decedent's own conduct and by other independent, intervening, and superseding causes, and not by any act or omission of Defendants.

**<u>ELEVENTH DEFENSE</u>**

**(No Specific Intent — Bane Act)**

96. Plaintiffs' claim under California Civil Code section 52.1 is barred because no Defendant acted with the specific intent to violate the decedent's right to be free from unreasonable seizure or any other protected right, and no Defendant interfered or attempted to interfere with the exercise of any such right by threat, intimidation, or coercion.

**<u>TWELFTH DEFENSE</u>**

**(Failure to Mitigate Damages)**

97. Plaintiffs' recovery, if any, is barred or must be reduced to the extent Plaintiffs or the decedent failed to exercise reasonable care to mitigate the damages alleged.

GOOD GUSTAFSON AUMAIS LLP

**THIRTEENTH DEFENSE**

**(No Entitlement to Punitive Damages)**

98. Plaintiffs are not entitled to punitive or exemplary damages because VASQUEZ did not act with malice, oppression, fraud, or reckless or callous indifference to the decedent's or Plaintiffs' federally protected rights.

**FOURTEENTH DEFENSE**

**(Apportionment and Setoff)**

99. Any liability of Defendants must be apportioned among all persons and entities whose fault contributed to the injuries and damages alleged, and any recovery must be reduced by amounts Plaintiffs have received or will receive from other sources on account of the incident. Noneconomic damages, if any, are limited to each Defendant's proportionate share of fault pursuant to California Civil Code section 1431.2.

**FIFTEENTH DEFENSE**

**(Statutory and Common-Law Immunities)**

100. Plaintiffs' claims are barred, in whole or in part, by applicable statutory and common-law immunities and privileges governing the use of reasonable force and the conduct alleged.

**SIXTEENTH DEFENSE**

**(Reservation of Additional Defenses)**

101. VASQUEZ has not completed his investigation and discovery in this matter and reserves the right to assert additional defenses that may become available

or apparent as this action proceeds, and to seek leave to amend this Answer accordingly.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, VASQUEZ respectfully requests that the Court:

A. Enter judgment in his favor and against Plaintiffs on the Complaint and each claim for relief alleged therein;

B. Dismiss the Complaint in its entirety, with prejudice;

C. Order that Plaintiffs take nothing by way of the Complaint;

D. Award his costs of suit, and attorneys' fees to the extent permitted by law; and

E. Grant VASQUEZ such other and further relief as the Court deems just and proper

**<u>DEMAND FOR JURY TRIAL</u>**

VASQUEZ hereby demands a trial by jury on all issues so triable.

Dated: October 30, 2026

GOOD | GUSTAFSON | AUMAIS LLP



J. RYAN GUSTAFSON
Attorneys for Defendant ALEXANDER VASQUEZ